# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA DIORIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01569-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF No. 33) |

**I.**

**INTRODUCTION**

Plaintiff Amanda Diorio filed this employment action on September 14, 2011. (ECF No. 1.) Following resolution of Defendants' motion for summary judgment, this action is proceeding against Defendant County of Kern ("Kern County") for gender discrimination in violation of Title VII and the California Fair Employment and Housing Act; and Defendant Boardman for violation of the Equal Protection Clause of the Fourteenth Amendment.[1]  (ECF No. 23.)  This action is currently set for trial by jury on June 4, 2013, before Magistrate Judge Stanley A. Boone.  (ECF No. 30.)

On May 6, 2013 a hearing on Defendants' motions in limine was held before Magistrate

---

[1] On March 18, 2013, an order issued dismissing Defendant Rice and Plaintiff's claims against Defendant Broadman for retaliation in violation of the First Amendment, Title VII and the FEHA from this action. (ECF No. 23.)

Judge Boone. Counsel Randall Rumph appeared telephonically for Plaintiff and counsel Judith Denny appeared for Defendants. The Court makes the following ruling with regard to the pending motions in limine.

## II.

## DEFENDANTS' MOTIONS IN LIMINE

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

Defendants have brought seven motions in limine to exclude evidence as discussed below.

### A.     Motion in Limine No. 1

Defendants seek to exclude any statements or references to Plaintiff's June 2007 complaint about Eades, any testimony regarding the conduct of Eades, the subject of the complaint, Plaintiff's contention that the complaint was based on hostile environment or gender discrimination, allegations that Eades made derogatory comments to or about a "gay" Ranger, African-Americans, having misogynistic attitudes toward women or threatening conduct.

Defendants argue that since Plaintiff's retaliation claim is no longer proceeding in this action, none of this evidence is relevant to her gender discrimination claim and it would be

2

1  unduly prejudicial and inflammatory. Defendants contend that Plaintiff was immediately
2  removed from Eades supervision and an Internal Affairs investigation was conducted. Plaintiff
3  never worked for Eades after 2007 and there is no evidence that he had anything to do with her
4  termination in 2009.

5  Further, Defendants argue that Plaintiff's supervisor prior to and at the time of her
6  termination, was Ron Rice, who initiated the disciplinary process. Sgt. Rice did not begin
7  working for the County Parks Dept. until after the investigation into Plaintiff's complaints about
8  Eades was completed. The only people involved in Plaintiff's termination were Sgt. Rice,
9  Defendant Boardman, Park Director Robert Lerude, and County Counsel. Defendants state this
10 information is not relevant and should be excluded because it would only confuse and mislead the
11 jury and create undue prejudice against Defendants.

12 Plaintiff responds that after being introduced to Eades, he made the comment that she
13 would have fun working under him because he did not believe women should work in law
14 enforcement. On another occasion Eades made comments that his ex-wife had gotten out of line
15 and he had to use force to get her back in line by grabbing her neck, slamming her against a wall,
16 and threatening her. Plaintiff complained about these incidents to Defendant Boardman, who did
17 nothing about it. Plaintiff argues that Defendant Boardman was aware of Eades attitude toward
18 women and still assigned Plaintiff to work under Eades. Plaintiff contends that Officer Strawter
19 testified at his deposition that he reported an incident regarding a traffic stop which involved
20 inappropriate conduct by Eades with a young female. These incidents are relevant to Plaintiff's
21 gender discrimination claim. Plaintiff claims that Eades also made statements about gays and
22 African Americans which Plaintiff complained about and Defendant Boardman did nothing about
23 Plaintiff's complaints.

24 Plaintiff argues these incidents are highly relevant to show that Defendant Boardman and
25 other managers at the County Parks and Recreation Department were aware of Eades
26 discriminatory attitudes and did not act. Plaintiff contends that the fact that Plaintiff was
27 disciplined by Defendant Boardman shortly after the decision on the complaint she filed against
28 Eades, and that the reprimand was ultimately altered, is relevant to her gender discrimination suit.

**Ruling:** "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Evidence that is not relevant is not admissible. Fed.R.Evid. 402. Further, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

In this instance, Plaintiff is alleging that she was disciplined and terminated because she is female. Plaintiff seeks to introduce evidence showing that Defendant Boardman was aware that Eades was biased against females, yet placed Plaintiff under his supervision anyway, and failed to act when Plaintiff complained that Eades was exhibiting bias against women. Further, when Plaintiff reported the action and an investigation occurred, Defendant Boardman issued Plaintiff a reprimand, which was ultimately altered by another supervisory employee.

Plaintiff also seeks to introduce evidence of discriminatory statements that were made by Eades directed towards "gays" and African Americans. These statements are irrelevant to Plaintiff's claims that she was terminated due to gender discrimination. Allowing Plaintiff to inject allegations of discrimination due to race and sexual preference into this action would tend to confuse the issues, mislead the jury, and cause undue prejudice against Defendants. Defendants' motion shall be granted as to all references to statements or allegations of discrimination towards gays and African Americans.

The Court finds that the fact that Plaintiff allegedly reported Eades gender bias to Defendant Boardman, that he failed to take any responsive action, and disciplined Plaintiff after her complaint resulted in an investigation into Eades behavior is relevant to both Plaintiff's claim that Defendant Boardman terminated her due to sexual discrimination and to a pattern of sexual discrimination that was allegedly present in the organization during the period of Plaintiff's employment. While Defendants seek to exclude the evidence because Eades is not a litigant in this action, the issue is whether Defendants Boardman and Kern County tolerated and continued the alleged gender bias that occurred in this case. Therefore, Defendant Boardman's knowledge of Eades alleged gender discrimination is relevant and any of Eades statements that display

4

gender bias which were conveyed to Defendant Boardman by Plaintiff are admissible.

Defendants contend that once Plaintiff reported the incidents to the Director of Parks and Recreation, Plaintiff was immediately removed from Eades supervision, Plaintiff's allegations against Eades were investigated and not found to be substantiated. Following the investigation, both Plaintiff and Eades were disciplined. This evidence is admissible to counter Plaintiff's allegations that Defendant Kern County tolerated and allowed gender discrimination to exist within the organization.

**Accordingly, Defendants' Motion in Limine No. 1 is granted in part and denied in part. The specific statements showing gender bias made by Eades of which Plaintiff informed Defendant Boardman, and the action taken by Kern County in response to Plaintiff's June 2007 complaint are admissible. However, all references to Eades comments regarding gays or African-Americans are excluded as they are irrelevant in this action.**

B.   Motion in Limine No. 2

At a January 2013 deposition taken in this action, Ranger Marler was asked if he ever heard Williams make negative comments about women. Marler responded that, after Plaintiff, caught Williams fishing in a restricted area of the lake, Williams told him, "Amanda Diorio needs to be careful." Marler testified that he did not remember the exact words, but Williams stated something to the effect "jamming people up because I have friends that will go down for a third strike and take her out." When Marler was asked if Williams was threatening Plaintiff, he responded that Williams was just venting. Marler was concerned and thought he said something about it to a supervisor, but nothing was ever documented.

Defendants argue that this has no relevance to this action. Further, the statements are unreliable hearsay. The comment was made to former Ranger Mike Marler and was not heard by or known to Plaintiff until after this action was filed. There is no evidence that this was reported to Defendant Boardman or any person in a supervisory position who was involved in the termination of Plaintiff.

Plaintiff contends that this information is relevant as Williams is still employed by Kern County. This clearly shows that Williams was treated more favorably than Plaintiff since he was

1  not terminated after making a death threat toward Plaintiff.  Further, this statement could be used
2  to impeach Williams.

3  **Ruling:** Hearsay is "a statement that: (1) the declarant does not make while testifying at
4  the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter
5  asserted in the statement." Fed.R.Evid. 801(c).  Hearsay is not admissible unless authorized by a
6  federal statute, the Federal Rules of Evidence, "or other rules prescribed by the Supreme Court."
7  Fed.R.Evid. 802.

8  The statement made by Ranger Williams is clearly hearsay and Plaintiff has presented no
9  exception to the hearsay rule to make the statement admissible.  Further, as Plaintiff conceded
10 during the hearing on the motion, Ranger Marler equivocated during his deposition on whether he
11 reported the incident or who he would have reported it to.  While Plaintiff argues that the
12 statement is relevant to show that she was treated differently than Williams, there is no evidence
13 to show that Kern County was aware that Williams made this statement.  Absent a showing that
14 Ranger Marler reported this incident so that Kern County was aware of it, the statement allegedly
15 made by Williams is irrelevant in this action.

16 **Defendants' Motion in Limine No. 2 is granted.  To the extent that Plaintiff believes**
17 **that this evidence has become admissible based upon evidence presented at trial, Plaintiff**
18 **shall be required to raise the issue with the Court prior to attempting to introduce this**
19 **statement before the jury.**

20 **C.     Motion in Limine No. 3**

21 At her deposition, Plaintiff testified that during the application process for Ranger
22 Trainee, she was told by some woman at the County Personnel Department that an unidentified
23 woman had told her that the County was required to hire a woman into the position of Ranger.

24 Defendants argue that this is an impermissible and irrelevant hearsay statement by an
25 unidentified declarant and is completely unreliable.

26 Plaintiff responds that the statement of the individual is not hearsay pursuant to
27 Fed.R.Evid. 801(d)(2), as this individual was Plaintiff's contact from the County Personnel
28 Office.  Plaintiff contends that it would be reversible error to exclude such testimony citing

6

Pappas v. Middle Earth Condominium Association, 963 F.2d 534 (2nd Cir. 1992).

**Ruling:** In relevant part, Federal Rule of Evidence 801 states that a statement is not hearsay if it is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed.R.Evid. 801(d)(2)(D). "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed.R.Evid. 805.

In Pappas, the plaintiff fell on a dome of ice on a walkway at a condominium and severely fractured his ankle. Pappas, 963 F.2d at 535. A maintenance employee for the condominium admitted that his employer was responsible for the maintenance of the condominium units, that deficiencies in the design of the condominiums may have been responsible for the buildup of ice on the walkway, and that night shift employees had responded to complaints regarding the ice on the night of the incident. Id. at 536. At trial, the Court excluded the admissions of the employee finding the employee did not have the authority to speak on behalf of the employer. Id. at 537. The Second Circuit reversed the trial court finding that, under 801(d)(2)(D), admissions against a party's interest are admitted without many of the technical prerequisites of other rules, such as trustworthiness or personal knowledge. Id. at 538. The court found that statements under the Rule should be freely admitted and the authority in the agency relationship was not the authority to make the damaging statement, but the authority to take action about which the statements relate. Id. at 538-39.

The statement in this situation is distinguishable from the statements sought to be admitted in Pappas. Defendants contend that Plaintiff seeks to admit a statement that was made by a Kern County employee that someone told her that the County was required to hire a woman into the Ranger position. This statement contains two levels of hearsay that must be addressed to determine admissibility. Initially, the statement that was made to Plaintiff is not hearsay if the person making it was an agent of Defendant and the statement was made within the scope of the employment relationship. Fed.R.Civ.P. 801(d)(2)(D). "Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's [agency or] employment." United States v. Chang, 207 F.3d 1169, 1176

1  (9th Cir. 2000) (quoting Breneman v. Kennecott Corp., 799 F.2d 470 (9th Cir. 1986)).

2  At the hearing, Plaintiff contended that the statement was made by an individual who was present during Plaintiff's physical fitness examination. The statement that the County had to hire a woman made by the person conducting the physical fitness examination would not appear to be made within the scope of that individual's employment.

Even if Plaintiff is able to establish the admissibility of this statement, there is still the issue that the statement itself contains hearsay, that some unidentified person told the declarant that a woman had to be hired. Plaintiff argued at the hearing that the declarant had to be repeating a statement made by an agent of Defendant, however the Court finds this is insufficient to establish an agent relationship for the second level hearsay statement.

**Accordingly, since Plaintiff has not shown that the statement was non-hearsay or that a hearsay exception would apply, Defendants' Motion in Limine No 3 is granted. However, if Plaintiff can provide a proper foundation for the statement made, the Court will allow Plaintiff to move, outside the presence of the jury, for reconsideration of the admissibility of the statement.**

### D. Motion in Limine No. 4

Defendant Boardman admitted in his deposition that on one occasion around 1987 or 1988 he became upset with a female co-worker and called her a bitch. Defendant Boardman was disciplined by being placed off work for two weeks and was demoted. Thereafter, Defendant Boardman and the female co-worker became close friends and engaged in social activities together.

Defendants argue that the remote and single use of the word bitch in the circumstances described has no relevance to the gender discrimination alleged in this case. This evidence would be unduly prejudicial to Defendants. Defendants cite Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (concurring opinion), statements by decision makers unrelated to the decisional process itself cannot by themselves establish an improper bias was the motivating factor behind a particular employment decision.

Plaintiff contends that this evidence is relevant because the woman he referred to as a

bitch was named Diane and Defendant Boardman referred to Plaintiff by that name. Plaintiff argues that this gives insight into Defendant Boardman's mindset and what he thought of Plaintiff.

**Ruling:** The incident which Plaintiff seeks to admit occurred approximately 20 years prior to Plaintiff being hired by the County and generally a single incident so remote in time would have limited if any relevance in this action. However, Plaintiff alleges that at times during her employment, Defendant referred to her as Diane. Regardless of Defendant Boardman's statement that he and Diane put the incident aside and became friends, the facts of the prior incident and that he called Plaintiff "Diane" are indicative of Defendant Boardman's attitude toward women which is directly at issue here.

During the hearing on this motion, citing Hocevar v. Purdue Federical Co, 223 F.3d 721 (8th Cir. 2000); Galloway v. General Motors Service Parts Operations, 78 F.3d 1164 (7th Cir. 1996) (overruled in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)); and Kriss v. Sprint Communications Co., Ltd. Partnership, 58 F.3d 1276 (8th Cir. 1995); Defendants argued that the use of the term "bitch" is irrelevant and should not be admitted.[2] Plaintiff, citing Costa v. Desert Palace, Inc., 299 F.3d 838, 861-862 (9th Cir. 2002), replied that the use of the term is admissible in a gender discrimination case.

In Hocevar, the plaintiff brought hostile work environment and retaliatory termination claims against her employer which were dismissed by the district court. Hocevar, 223 F.3d at 724. Recognizing that "[g]ender-based insults may create an inference that discrimination was based on sex," the majority of the appellate court affirmed the dismissal of plaintiff's hostile work environment claim finding that plaintiff had not shown that an employee's use of the word "bitch" inferred a discriminatory attitude toward women where the offensive language was used to describe both men and women. Id. at 737. The court noted that this was not a case where the word bitch was used by the employee due to female-specific characteristics of which he did not approve, or plaintiff's sexuality, or a litany of name calling directed at the plaintiff. Id.

---

[2] These citations were not in Defendants original motion due to time constraints, but cited at the hearing for the first time.

This case is distinguishable from Hocevar in that the statements made by Defendant Broadman were not directed toward both men and women. Plaintiff called a coworker named Diane a bitch, and then subsequently allegedly referred to Plaintiff as Diane. There are no allegations that males were also referred to as Diane to show the reference was not due to gender discrimination.

The facts are also distinguishable from Galloway. In Galloway, after a failed relationship, an employee called the plaintiff, who had been hospitalized for a psychiatric disorder, a "sick bitch" on multiple occasions. Galloway, 78 F.3d at 1165. Recognizing that context is everything, the court found that the term was related to personal animosity due to the failed relationship rather than to a belief that women do not belong in the workforce. Id. at 1168. Here, there is no contention that the conduct was motivated by another reason such as a relationship with Plaintiff, rather than a general animosity toward women in the workplace.

Finally, in Kriss, the appellate court stated that the single use of the term bitch was not an indication of a general misogynist attitude, but was a crude gender specific vulgarity directed at a single woman, rather than women in general. Kriss, 58 F.3d at 1281. As the Court understands the position of the parties, Plaintiff is contending that Defendant Boardman referring to her as Diane was his way of calling her a bitch. While the Court agrees that if the only evidence to be presented was that Defendant Boardman was disciplined for calling a female employee a bitch on a single occasion years ago it would be irrelevant here. However, Plaintiff alleges that Defendant Boardman called her by that employee's name on multiple occasions.

Assuming Plaintiff is able to establish that Defendant Boardman referred to her as Diane, this at least leads to the inference that Defendant Boardman was referring, in a roundabout way, to Plaintiff as a bitch, and this attitude directed toward several women would be relevant to the gender discrimination claim at issue here. A derogatory term could be interpreted by the jury as one piece of evidence indicating sex based hostility. Costa, 299 F.3d at 862. However, if Plaintiff does not properly lay the foundation as to Boardman calling Plaintiff "Diane" and the context in which it was said then such previous use of the word "bitch" would be inadmissible under Fed.R.Evid. 403, as the prejudice susbstantially outweighs its probative value.

**Accordingly, the Court finds that the prior incident is relevant to Plaintiff's claims of gender discrimination and Defendants' Motion in Limine No. 4 shall be denied, subject to Plaintiff establishing the foundational requirements as noted.**

      E.      **Motion in Limine No. 5**

Defendants seek to exclude testimony regarding statements made by Defendant Boardman, such as comments about Plaintiff's cleavage, that she was hired over another female officer due to the way she dressed, or that she made him blush when she reached into her cleavage to obtain a cellphone in front of him.

Defendants argue that such random comments are not related to the termination decision, have no relevance to Plaintiff's claim, and would only serve to confuse and prejudice the jury against Defendants.

Plaintiff argues that the statements made by Defendant Boardman indicate gender bias and would not have been made to a male. Since gender bias is clearly relevant in this action and Defendant Boardman contributed to the termination decision, Plaintiff contends that these statements should be allowed.

**Ruling:**  While Defendants argue that these are only a few isolated incidents that are remote in time, Plaintiff is not basing her allegations solely on these incidents and Plaintiff is entitled to present her evidence of discrimination to the jury. The statements made by Defendant Boardman could infer a discriminatory attitude toward women. When comments such as sexual epithets, offensive and explicit references made to women's bodies or sexual conduct are directed toward women a jury may infer discrimination. Costa, 299 F.3d at 861.

Defendants also contend that the statements are inadmissible because they were not made in connection to the adverse employment action. However, Plaintiff's claim in this action is that a pattern of discrimination existed and the statements here are relevant to Plaintiff's allegation that Defendants Kern County and Boardman were aware of the discriminatory treatment of women and allowed it to continue. These types of statements are relevant to Plaintiff's claims that she was discriminated against because she was female. **Accordingly, Defendants' Motion in Limine No. 5 is denied.**

**F.     Motion in Limine No. 6**

Defendants seek to exclude any testimony or reference to the possible merger between Park Rangers and the Sheriff Department and the disagreement between Plaintiff and Defendant Boardman on the issue.

Defendants contend this is irrelevant to the claims proceeding in this action, would confuse the issues, and would waste time. Plaintiff does not oppose Motion in Limine No. 6.

**Ruling: Based on Plaintiff's statement of non-opposition, Motion in Limine No. 6 is granted.**

**G.     Motion in Limine No. 7**

On the date of Ranger Marler's deposition Plaintiff sent him a text message stating, "Thanks for doing this today. Boardman goes tomorrow so anything you can think of that I can ask him that would hang his ass would be greatly appreciated!"

Defendants seek to introduce this evidence to show Plaintiff's bias and that, lacking information and evidence based on her own experience, she solicited others for "dirt" on Defendant Boardman. Defendants contend that this evidence impeaches Plaintiff's claim that she was discriminated against due to her gender.

Plaintiff contends that admitting evidence that Plaintiff sought help from other employees is irrelevant and would only serve to confuse the jury. Plaintiff contends that any slight relevance that would exist is substantially outweighed by the prejudicial nature of the text. Plaintiff also contends that this is an improper attempt to impeach Plaintiff with a specific incident of conduct under Fed.R.Evid. 608.

**Ruling:** Pursuant to Federal Rule of Evidence 608, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." In this instance, Defendants are not attempting to admit the text message as character evidence, but as evidence of Plaintiff's state of mind. In this action, Plaintiff was told that she was terminated because of her job performance, the Mawson Incident, and the Buena Vista Incident.

At trial, the jury will be asked to decide whether Plaintiff's firing was due to gender

discrimination or Plaintiff's job performance and her conduct in regards to the Mawson and Buena Vista incidents. Accordingly, just as Defendant Boardman's attitude toward women is relevant here, Plaintiff's attitude toward those in authority is relevant in this action. **Accordingly, the text message that Plaintiff sent to Marler is relevant and Defendants' Motion in Limine No. 7 is granted.**

## III.

## CONCLUSION AND ORDER

Based on the foregoing, Defendants' motions in limine are HEREBY GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' Motion in Limine No. 1 is granted in part and all references to Eades comments regarding gays or African-Americans shall be excluded at trial;
2. Defendants' Motions in Limine Nos. 2, 3, 6 and 7 are GRANTED; and
3. Defendants' Motions in Limine Nos. 4, and 5 are DENIED.

IT IS SO ORDERED.

Dated:   **May 7, 2013**

UNITED STATES MAGISTRATE JUDGE