# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA DIORIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01569-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION THAT THE JURY NOT BE INSTRUCTED ON PUNITIVE DAMAGE AND MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL<br><br>(ECF No. 56) |

## I.

## BACKGROUND

Plaintiff Amanda Diorio filed this employment action on September 14, 2011. (ECF No. 1.) Following resolution of Defendants' motion for summary judgment, this action is proceeding against Defendant County of Kern for gender discrimination in violation of Title VII and the California Fair Employment and Housing Act ("FEHA"); and Defendant Boardman for violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 23.) A jury trial in this matter began on June 4, 2013, before Magistrate Judge Stanley A. Boone. On June 5, 2013, at the close of the day's testimony, Defendant Boardman brought a motion that the jury not be instructed on punitive damages. Defendant contends that this action was not brought against him in his individual capacity and therefore notice was lacking, alternately Defendant contends the

evidence is insufficient to submit the issue of punitive damages to the jury as a matter of law.[1] Defendant also brought an oral motion to bifurcate the issue of punitive damages.

## II.

## DISCUSSION

### A.     Jury Instruction on Punitive Damages

In his written motion, Defendant Boardman argues that where Plaintiff has failed to specify in the complaint that the suit is brought against him in his individual capacity, he is deemed to be sued in his official capacity.  However, in oral argument Defendant Boardman concedes that in this circuit a course of proceedings approach would be used to determine the capacity in which an action is brought.  In the complaint, Plaintiff brought this action against individual defendants acting as a person under color of state law.  (Compl. ¶ 7, ECF No. 1.) Plaintiff's complaint does not specify whether Defendant Boardman is sued in his individual or official capacity.

A suit brought against an official in their personal capacity seeks to impose personal liability on the government official for actions he has taken under color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985).  To establish personal liability under section 1983, the plaintiff must show the official caused the deprivation of a federal right.  Graham, 473 U.S. at 166. Official capacity suits are another way of pleading an action against an entity of which the officer is an agent.  Id.  More is required in an official capacity action, and the entity is liable where a custom or policy of the entity itself is the moving force behind the constitutional violation.  Id.

When the complaint seeking damages under § 1983 does not allege whether the official is sued in his individual or personal capacity, the court presumes that the official is being sued in his individual capacities.  Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1984); see also Blaylock v. Schwinden, 863 F.3d 1352, 1354 (9th Cir. 1988). Defendants rely on Daskalea v. District of Columbia, 227 F.3d 433 (D.C. Cir. 2000), for the

---

[1] Defendants' motion regarding the sufficiency of the evidence is appropriately brought at the close of the presentation of evidence in this action.

proposition that, where Plaintiff has failed to specify in the complaint that the suit is brought against him in his individual capacity, he is deemed to be sued in his official capacity. The Daskalea court employed a course of the proceedings approach to determine the nature of the action. Daskalea, 227 F.3d at 448.

In this action, Plaintiff has not alleged that a policy or procedure of the entity caused Defendant Boardman to violate her rights, but that Defendant Boardman himself discriminated against her because she is female. Plaintiff is seeking damages for lost wages, emotional distress and mental anguish, as well as punitive damages against the individual defendants.

Finally, while Defendant Boardman argues that he did not have notice that he was being sued in his personal capacity, the joint jury instructions and Defendants' verdict form address punitive damages, which are not available against a defendant sued in his official capacity. Smith v. Wade, 461 U.S. 30, 36 n.5 (1983). Thus, the Court finds that Defendant Boardman knew or should have known that this suit was brought against him in his personal capacity. Since Defendant Boardman can be liable for punitive damages on the claim that he violated Plaintiff's right to Equal Protection under the Fourteenth Amendment, the jury shall be instructed on punitive damages.

**b.  Bifurcation of Punitive Damages**

Defendant Boardman has also made an oral motion to bifurcate the issue of punitive damages. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims. . . ." Fed. R. Civ. P. 42(b). The district court has broad discretion to bifurcate the damages and liability phases of trial. M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

The Local Rules require the parties to file a joint pretrial statement in which they are to address whether separate trials of any of the issues is feasible or advisable. Local Rule 281(b)(18). The parties in this action filed a joint pretrial statement on March 26, 2013, in which they agreed that bifurcation was not applicable in this action. (Joint Pretrial Statement ¶ XVIII, ECF No. 25.) In the pretrial order, filed April 3, 2013, the parties were advised that all motions in

limine were to be filed no later than April 19, 2013, and a hearing on the motions in limine was held on May 6, 2013.  (ECF No. 30.)

In this instance, Defendant Boardman has had ample opportunity to file a motion to bifurcate the punitive damage phase of this action prior to the start of trial.  Since punitive damages are only being sought against Defendant Boardman, the evidence to be presented will be brief and allowing evidence of punitive damages to be presented during trial will not unduly delay the liability portion of the trial.  Nor does the Court find that the presentation of such evidence is likely to confuse the jury.  Since Defendant Boardman's motion to bifurcate the issue of punitive damages is untimely it shall be denied.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion that the jury not be instructed on punitive damages is DENIED; and

2. Defendants' motion to bifurcate the punitive damages at trial is DENIED.

IT IS SO ORDERED.

Dated:  **June 6, 2013**

UNITED STATES MAGISTRATE JUDGE