1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

AMANDA DIORIO,

12

        Plaintiff,

13

     v.

14

COUNTY OF KERN, et al.,

15

        Defendants.

Case No.  1:11-cv-01569-SAB

ORDER DENYING DEFENDANTS' MOTION THAT THE JURY NOT BE INSTRUCTED ON PUNITIVE DAMAGE AND MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL

(ECF No. 56)

16

17

**I.**

18

**BACKGROUND**

19

     Plaintiff Amanda Diorio filed this employment action on September 14, 2011.  (ECF No.

20

1.)  Following resolution of Defendants' motion for summary judgment, this action is proceeding

21

against Defendant County of Kern for gender discrimination in violation of Title VII and the

22

California Fair Employment and Housing Act ("FEHA"); and Defendant Boardman for violation

23

of the Equal Protection Clause of the Fourteenth Amendment.  (ECF No. 23.)  A jury trial in this

24

matter began on June 4, 2013, before Magistrate Judge Stanley A. Boone.  On June 5, 2013, at the

25

close of the day's testimony, Defendant Boardman brought a motion that the jury not be

26

instructed on punitive damages.  Defendant contends that this action was not brought against him

27

in his individual capacity and therefore notice was lacking, alternately Defendant contends the

28

1  evidence is insufficient to submit the issue of punitive damages to the jury as a matter of law.[1]

2  Defendant also brought an oral motion to bifurcate the issue of punitive damages.

**II.**

**DISCUSSION**

**A.      Jury Instruction on Punitive Damages**

In his written motion, Defendant Boardman argues that where Plaintiff has failed to specify in the complaint that the suit is brought against him in his individual capacity, he is deemed to be sued in his official capacity.  However, in oral argument Defendant Boardman concedes that in this circuit a course of proceedings approach would be used to determine the capacity in which an action is brought.  In the complaint, Plaintiff brought this action against individual defendants acting as a person under color of state law.  (Compl. ¶ 7, ECF No. 1.) Plaintiff's complaint does not specify whether Defendant Boardman is sued in his individual or official capacity.

A suit brought against an official in their personal capacity seeks to impose personal liability on the government official for actions he has taken under color of state law.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  To establish personal liability under section 1983, the plaintiff must show the official caused the deprivation of a federal right.  Graham, 473 U.S. at 166.  Official capacity suits are another way of pleading an action against an entity of which the officer is an agent.  Id.  More is required in an official capacity action, and the entity is liable where a custom or policy of the entity itself is the moving force behind the constitutional violation.  Id.

When the complaint seeking damages under § 1983 does not allege whether the official is sued in his individual or personal capacity, the court presumes that the official is being sued in his individual capacities.  Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1984); see also Blaylock v. Schwinden, 863 F.3d 1352, 1354 (9th Cir. 1988). Defendants rely on Daskalea v. District of Columbia, 227 F.3d 433 (D.C. Cir. 2000), for the

---

[1] Defendants' motion regarding the sufficiency of the evidence is appropriately brought at the close of the presentation of evidence in this action.

2

1   proposition that, where Plaintiff has failed to specify in the complaint that the suit is brought

2   against him in his individual capacity, he is deemed to be sued in his official capacity.    The

3   Daskalea court employed a course of the proceedings approach to determine the nature of the

4   action.  Daskalea, 227 F.3d at 448.

5         In this action, Plaintiff has not alleged that a policy or procedure of the entity caused

6   Defendant Boardman to violate her rights, but that Defendant Boardman himself discriminated

7   against her because she is female.  Plaintiff is seeking damages for lost wages, emotional distress

8   and mental anguish, as well as punitive damages against the individual defendants.

9         Finally, while Defendant Boardman argues that he did not have notice that he was being

10   sued in his personal capacity, the joint jury instructions and Defendants' verdict form address

11   punitive damages, which are not available against a defendant sued in his official capacity.  Smith

12   v. Wade, 461 U.S. 30, 36 n.5 (1983).  Thus, the Court finds that Defendant Boardman knew or

13   should have known that this suit was brought against him in his personal capacity.   Since

14   Defendant Boardman can be liable for punitive damages on the claim that he violated Plaintiff's

15   right to Equal Protection under the Fourteenth Amendment, the jury shall be instructed on

16   punitive damages.

17         **b.      Bifurcation of Punitive Damages**

18         Defendant Boardman has also made an oral motion to bifurcate the issue of punitive

19   damages.   "For convenience, to avoid prejudice, or to expedite and economize, the court may

20   order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third

21   party claims. . . ."  Fed. R. Civ. P. 42(b).  The district court has broad discretion to bifurcate the

22   damages and liability phases of trial.  M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088

23   (9th Cir. 2005).

24         The Local Rules require the parties to file a joint pretrial statement in which they are to

25   address  whether  separate  trials  of  any  of  the  issues  is  feasible  or  advisable.    Local  Rule

26   281(b)(18).  The parties in this action filed a joint pretrial statement on March 26, 2013, in which

27   they agreed that bifurcation was not applicable in this action.  (Joint Pretrial Statement ¶ XVIII,

28   ECF No. 25.)  In the pretrial order, filed April 3, 2013, the parties were advised that all motions in

1  limine were to be filed no later than April 19, 2013, and a hearing on the motions in limine was
2  held on May 6, 2013.  (ECF No. 30.)

3       In this instance, Defendant Boardman has had ample opportunity to file a motion to
4  bifurcate the punitive damage phase of this action prior to the start of trial.  Since punitive
5  damages are only being sought against Defendant Boardman, the evidence to be presented will be
6  brief and allowing evidence of punitive damages to be presented during trial will not unduly delay
7  the liability portion of the trial.  Nor does the Court find that the presentation of such evidence is
8  likely to confuse the jury.  Since Defendant Boardman's motion to bifurcate the issue of punitive
9  damages is untimely it shall be denied.

10  **III.**

11  **CONCLUSION AND ORDER**

12       Based on the foregoing, IT IS HEREBY ORDERED that:

13     1.  Defendants' motion that the jury not be instructed on punitive damages is DENIED;
14       and

15     2.  Defendants' motion to bifurcate the punitive damages at trial is DENIED.

16

17

18  IT IS SO ORDERED.

19

20    Dated:   **June 6, 2013**

                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

4